UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE as Next Friend of A.A., a Minor, | Case No. 25-cv-11194 |
| Plaintiff, | Hon. F. Kay Behm<br>United States District Judge |
| v. | |
| ALEX HELM, in his Individual capacity, and BIRCH RUN AREA SCHOOL DISTRICT, | Hon. Kimberly G. Altman<br>U.S. Magistrate Judge |
| Defendants. | |
| _____ / | |

## ORDER ON DEFENDANTS' MOTION TO STAY (ECF No. 11, 15)

### I. PROCEDURAL HISTORY

This matter is before the court on Defendant Alex Helm's motion to stay these proceedings pending the resolution of criminal case 25-00323-FH in Saginaw County Circuit Court. After counsel appeared on his behalf, Helm submitted a supplemental brief (ECF No. 26). Defendant Birch Run Area School District concurs in the motion and submitted its own brief (ECF No. 27). Plaintiff Jane Doe submitted a response requesting the court deny both motions (ECF No. 19, 28).

Plaintiff alleges that Helm, while a substitute teacher in the District, engaged in inappropriate behavior with a minor female

1

student, including, but not limited to, sending sexually explicit messages and uncensored photographs of his genitals to the student. *See generally* ECF No. 12 (Amended Complaint). Doe brings claims under 42 U.S.C. § 1983, the Michigan Elliot-Larsen Civil Rights Act, and the Michigan Equal Accommodations Act, including claims against the District under various theories of responsibility for either Helm's actions or its own action/inaction.

In Saginaw County Circuit Court, Case No. 25-00323, Helm has been criminally charged with two counts each of dissemination of sexually explicit material to a minor (Mich. Comp. Laws Ann. § 722.675) and use of internet or computer systems to commit a crime (Mich. Comp. Laws Ann. § 750.145d). ECF No. 26, PageID.168. The conduct on which those alleged offenses are based is the same as the conduct that Plaintiff's claims against Defendant Helm are based on. The latest indication by the parties is that trial is scheduled to commence on August 19, 2025. ECF No. 26, PageID.174.

The court **GRANTS** the motion as to Helm but **DENIES** the motion as to the District.

II. ANALYSIS

2

A court has "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)).

The Sixth Circuit requires district courts to consider seven factors when deciding whether to stay civil proceedings pending the resolution of a related criminal case: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; 6) the public interest; and 7) the extent to which the defendant's fifth amendment rights are implicated. *FTC*, 767 F.3d at 627. None of these factors is dispositive. *Id.* "[T]he most important . . . is the balance of the hardships," *id.*, but "[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec.*

3

*Workers v. AT&T Network Sys.*, 879 F.2d 864, at *8 (6th Cir. Jul. 17, 1989) (internal citations omitted).

## A. Helm

As to the first factor, the issues in this case and his criminal case overlap significantly for Helm. The criminal case appears to be far along and scheduled for trial within the week at this time. The result is that any stay ought to be fairly short, and any resulting prejudice minimal when discovery has not yet begun. With respect to the interests of the parties, the public, and the courts, resolution of Helm's criminal charges may have preclusive or at the very least significant evidentiary effect on the civil claims against him in these proceedings. Finally, although Plaintiff argues that Helm has no "absolute right" to choose between testifying in a civil matter and invoking his Fifth Amendment privileges, *see* ECF No. 28, PageID.218 (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)), "[a]llowing this matter to proceed under the liberal rules of civil discovery might well circumvent the protections that Defendant [] is afforded under the United States Constitution." *See Doe v. Bd. of Educ. of Milton-Union Exempted Vill. Sch. Dist.*, No. 3:23-cv-00330, 2023 U.S.

4

Dist. LEXIS 220168, at *7-8 (S.D. Ohio Dec. 8, 2023).  Given the weight of the remaining factors supporting entering a short stay, the balance of the hardships favors simply waiting a short time for Helm's criminal trial to end, and avoid the Fifth Amendment issue without significant prejudice to this case's timetable.

### B.   Birch Run Area School District

As to the District, the Fifth Amendment concern does not apply. Meanwhile, while the underlying criminal trial may have significant evidentiary impact on the claims against Helm, it is not clear why resolution of the criminal trial against Helm would affect the need to collect discovery from the district about what they knew and when.  *See* ECF No. 28, PageID.220 ("an important issue in this case will be what knowledge the School District had of Defendant Helm's tendencies to and past instances of engaging in sexual harassment of female students.  Whether Defendant School District knew of past instances of sexual harassment engaged in by Defendant Helm is immaterial to the criminal charges he faces.").  Moreover, allowing some of the discovery involved to proceed would have no prejudicial impact on the School District or Helm at all.  For example, "several witnesses are current or

5

former high school students. As those that have graduated move on with their lives, it is likely that many students involved in these facts may leave or have already left the area to attend colleges or universities . . . a stay would negatively impact Plaintiff's ability to obtain testimony, corroboration of Plaintiff's minor's allegations, and discovery into prior instances that Defendant School District may have had notice of." Staying discovery entirely to prevent Plaintiffs from identifying these students or contacting them makes little sense. "Delay is particularly harmful to a plaintiff when the risk of spoliation of evidence, failed memories, or witness unavailability is high." *Johnson, Next Friend of C.P.S. v. Hamilton County Gov't*, No. 1:19-cv-329; 2020 WL 6479558, at *3 (E.D. Tenn. Feb. 26, 2020). Thus as to the district, the issues presented in the criminal proceedings do not significantly overlap with the claims in this case, and the courts, the district, and the public do not have a sufficiently significant interest in the outcome of those proceedings that a stay is necessary.

    While the District argues that allowing discovery to proceed against only one defendant will result in a waste of judicial resources, the timeline contemplated by the current criminal trial date does not

6

pose a significant threat of wasteful time spent or of duplicative discovery.

## III. CONCLUSION

At this time, given the imminent criminal trial, there is little danger that a delay of discovery as to Helm, pending resolution of his criminal action, will result in a significant delay of these proceedings. If significant delays in the criminal trial occur, the court will consider a motion by Plaintiff to lift the stay and to use more a more tailored approach to permit some discovery to occur, such as staying only Helm's deposition, and/or "protective orders, a sealed deposition, and sealed interrogatories, [which] would provide adequate protection to" Helm and allow this case to otherwise move forward. *See, e.g.*, *D.T. v. Indep. Sch. Dist. No. I-002*, No. 24-cv-00390-SH, 2025 U.S. Dist. LEXIS 16462, at *9 (N.D. Okla. Jan. 30, 2025); *B.L. v. Indep. Sch. Dist. No. 14 of Jefferson Cty.*, No. CIV-24-00037-JD, 2025 U.S. Dist. LEXIS 144922, at *4 (W.D. Okla. July 29, 2025 (staying only defendant's deposition).

Therefore, the Court **GRANTS** the motion for a stay as to Defendant Helm; and **DENIES** the motion as to the District.

7

Defendant Helm is **ORDERED** to inform the Court within five (5) days of any continuance of the scheduled trial, or a verdict or plea in that case.

A notice of scheduling conference will be entered instructing Plaintiff and the District to submit a discovery plan.

**SO ORDERED**.

Date: August 13, 2025         <u>s/F. Kay Behm</u>
                              F. Kay Behm
                              United States District Judge